## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF COLORADO
## The Honorable Michael E. Romero

| | | |
|---|---|---|
| In re: | ) | |
| | ) | Case No. 09-30699 MER |
| XP ENTERTAINMENT, LLC | ) | |
| | ) | Chapter 7 |
| Debtor. | ) | |
| | ) | |
| | ) | |
| JEFFREY L. HILL, Chapter 7 Trustee, | ) | Adversary No. 11-1650 MER |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| CITY OF PHOENIX, | ) | |
| | ) | Signed/Docketed |
| Defendant. | ) | February 12, 2013 |

### ORDER

THIS MATTER comes before the Court on the *Motion to Dismiss Complaint for Failure to State a Cause of Action Upon Which Relief Can Be Granted* ("Motion to Dismiss") filed by Defendant City of Phoenix (the "City"), and the *Response in Opposition to Defendant's Motion to Dismiss* ("Response") filed by Plaintiff Jeffrey L. Hill, Chapter 7 trustee (the "Trustee").[1]

### JURISDICTION

The Court has jurisdiction over this matter under 28 U.S.C. §§ 1334(a) and (b) and 157(a) and (b).  This is a core proceeding under 28 U.S.C. § 157(b)(2)(F), as it involves a proceeding to determine, avoid or recover preferences.  Venue is proper in this Court pursuant to 28 U.S.C. § 1409(a).[2]

---

[1] The City also filed a *Reply to Trustee's Response* (Docket No. 23).  L.B.R. 7007-1 provides: "Unless otherwise provided for by a statute, rule or court order, any response to a motion must be filed with the court and served on interested parties within fourteen (14) days after service of the motion. **Replies to responses to motions may be filed only after obtaining leave of the court.**  Motions will be set for oral argument only if the court determines oral argument may be of assistance." L.B.R. 7007-1 (emphasis added).  The City did not seek nor obtain leave to file the Reply, and this Court's pretrial orders did not provide for filing replies to responses to dispositive motions.  Therefore, the Court finds the Reply is improper, and cannot be considered by this Court.

[2] Amended Complaint, Docket No. 6, at ¶ 1-3; Answer, Docket No. 13, at ¶ 1-3.

## STATEMENT OF UNDISPUTED FACTS[3]

XP Entertainment, LLC ("Debtor") filed for relief under Chapter 11 of the Bankruptcy Code on or about September 30, 2009 ("Petition Date").  On September 3, 2010, the Court issued its Order Converting Case to Chapter 7.  The Trustee is the duly appointed Chapter 7 trustee for the Debtor's bankruptcy estate.  The City is a creditor of the Debtor and an Arizona city.

On or within ninety days prior to the Petition Date, the Debtor transferred property to or for the benefit of the City including, but not limited to, the following:

| Date of Transfer | Amount Transferred |
|---|---|
| 09/22/2009 | $6,520.51 |
| 09/22/2009 | $371.12 |
| **Total Transferred:** | **$6,891.63** |

(collectively, the "Transfers").

## PROCEDURAL HISTORY

### A.    The Trustee's Complaint and the City's Answer

The Trustee's Amended Complaint contains a single claim for relief under 11 U.S.C. § 547(b).[4]  Section 547(b) provides the Trustee may avoid any transfer of an interest of the Debtor in property:

(1) to or for the benefit of a creditor;

(2) for or on account of an antecedent debt owed by the debtor before such transfer was made;

(3) made while the debtor was insolvent;

(4) made—

---

[3]  Amended Complaint, at ¶¶ 5-12, 15; Answer, at ¶¶ 5-12, 15.

[4]  Unless otherwise noted, all future statutory references in the text are to Title 11 of the United States Code.

(A) on or within 90 days before the date of the filing of the petition; or

(B) between ninety days and one year before the date of the filing of the petition, if such creditor at the time of such transfer was an insider; and

(5) that enables such creditor to receive more than such creditor would receive if—

(A) the case were a case under chapter 7 of this title;

(B) the transfer had not been made; and

(C) such creditor received payment of such debt to the extent provided by the provisions of this title.[5]

As set forth in the Amended Complaint, the Trustee seeks entry of a judgment in his favor and against the City avoiding the Transfers in the aggregate amount of $6,891.63 pursuant to § 547(b), and authorizing the recovery of the avoided Transfers or the value thereof from the City under § 550(a).  The Trustee bears the burden of establishing all five elements of § 547 by a preponderance of the evidence.[6]

On January 19, 2012, the City filed its Answer admitting every general allegation in the Amended Complaint, and the elements under § 547(b)(1) and (4)(A).[7]  The City raised three affirmative defenses: 1) certain of the Transfers were made for timely payment of taxes; 2) certain of the Transfers were in paid in the ordinary course; and 3) the City has provided new value.

**B.      Motion to Dismiss and the Trustee's Response**

On January 3, 2013, almost one year after filing an Answer, the City filed its Motion to Dismiss under FED R. CIV. P. 12(b)(6), seeking dismissal of this proceeding with prejudice for failure to state a cause of action upon which relief may be granted.  Specifically, the City asserts the Trustee failed to allege in his Amended Complaint the Debtor had an interest in the Transfers, and therefore, the Trustee cannot avoid and recover the Transfers under § 547(b).  The City also alleges the Debtor did not have an interest in the Transfers at the time the Transfers were made because the transaction privilege tax "paid by the [Debtor]

---

[5]  § 547(b).

[6]  § 547(g); *In re Rocor Int'l, Inc.*, 380 B.R. 567, 570-71 (10th Cir. BAP 2007); *In re Mama D'Angelo, Inc.*, 55 F.3d 552, 554 (10th Cir. 1995) ("All elements of Section 547(b) must be proven before a transfer will be avoided.").

[7]  Answer, at ¶¶ 1-12, 15.

is treated as trust property of the taxing authority and under A.R.S. § 42-5002 must be remitted to the taxing authority."[8]  In support, the City cites *Beiger v. IRS*[9] for the proposition that a debtor's voluntary payment of trust fund taxes within ninety days of the petition date is not subject to a preference action.[10]

The Trustee's Response raises three issues in support of denying dismissal of this proceeding: 1) the Trustee's allegation "the Debtor transferred property to or for the benefit of Defendant" implies the Transfers belong to the estate; 2) alternatively, if the Court finds the Trustee failed to allege the Debtor had an interest in the Transfers, pursuant to FED R. CIV. P. 15 the Trustee may amend the Amended Complaint at any time to cure a deficiency with leave of this Court; and 3) the City has presented no evidence to establish compliance with Arizona law in support of its characterization of the Transfers as "trust fund taxes."[11]  As set forth below, the Court need only reach the Trustee's first and third arguments.

## DISCUSSION

### A.      Timeliness of Motion to Dismiss Under Rule 12(b)(6).

FED. R. CIV. P. 12(b)(6), incorporated by FED. R. BANKR. P. 7012(b), provides in pertinent part as follows:

> **(b) How to Present Defenses**. Every defense to a claim for relief in any pleading **must** be asserted in the responsive pleading if one is required.  But a party may assert the following defenses by motion:
>
> . . .
>
> (6) failing to state a claim upon which relief can be granted;
> . . .
>
> A motion asserting any of these defenses **must be made before pleading if a responsive pleading is allowed**.[12]

---

[8]  *See* Motion to Dismiss, at ¶ 3.

[9]  *Beiger v. IRS*, 496 U.S. 53 (1990).

[10]  Motion to Dismiss, at ¶ 5.

[11]  Response, at p. 2.

[12]  FED. R. CIV. P. 12(b)(6) (emphasis added).

"Pursuant to the plain language of Federal Rule of Civil Procedure 12(b), it is beyond dispute that a motion to dismiss brought pursuant to Rule 12(b)(6) is untimely when presented after the filing of an answer."[13]

Here, the Answer does not contain the failure to state a claim as an affirmative defense.  Moreover, the City filed its Motion to Dismiss almost one year **after** filing its Answer on the allegation the Debtor had no interest in the Transfers and the Trustee failed to allege the same.  In light of the plain statutory language of FED. R. CIV. P. 12(b)(6), the Court finds the Motion to Dismiss is untimely and therefore, the relief requested must be denied.

**B.    Untimely Filed Motions to Dismiss May Be Treated as Motion for Judgment on the Pleadings Under Rule 12(c).**

*1.      Standard for Dismissal Under Rule 12(b)(6).*

When timely filed, a motion to dismiss under FED. R. CIV. P. 12(b)(6) tests the legal sufficiency of a complaint assuming all the factual allegations in the complaint are true.[14]  In making this determination, a court must decide whether the complaint contains sufficient facts to state a claim for relief that is plausible on its face.[15]  "While a complaint attacked by a Rule 12(b)(6) motion

---

[13]  *Stevens v. Showalter*, 458 B.R. 852, 856 (D. Md. 2011) (citing FED. R. CIV. P. 12(b)(6)); *see also In re Gen. Purpose Steel, Inc.*, 469 B.R. 602 (Bankr. W.D. Pa. 2012) (denying Rule 12(b)(6) motion to dismiss as untimely when filed only minutes after the answer); *In re Morrison*, 421 B.R. 381 (Bankr. S.D. Tex. 2009) (denying Rule 12(b)(6) motion to dismiss as untimely when filed after answer).

[14]  *Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994).

[15]  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007); *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (requiring sufficient factual specificity in support of claims, which, if assumed to be true, demonstrate the plaintiff has "plausibly (not just speculatively) stated a claim for relief."). *See also Alvarado v. KOB-TV, L.L.C.*, 493 F.3d 1210, 1215 (10th Cir. 2007), noting how the *Bell Atlantic* case changed the standard under FED. R. CIV. P. 12(b)(6):

In *Bell Atlantic*, the Supreme Court stated that the old standard, "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief" is "best forgotten as an incomplete, negative gloss on an accepted pleading standard." *Bell Atlantic Corp.*, 127 S.Ct. at 1968-69. Although the Supreme Court was not clear on the articulation of the proper standard for a Rule 12(b)(6) dismissal, its opinion in *Bell Atlantic* and its subsequent opinion in *Erickson v. Pardus*, ___ U.S.___, 127 S.Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007), suggest that courts should look to the specific allegations in the complaint to determine whether they plausibly support a legal

to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."[16]  The complaint must contain "enough factual matter (taken as true)" to "raise [the] right to relief above the speculative level."[17]  The court must still accept the facts alleged in the complaint as true, even if they are doubtful,[18] and it must make all reasonable inferences in favor of the plaintiff.[19]

In conjunction with this standard, the Court also looks to FED. R. CIV. P. 8. Rule 8 sets forth the general rules for pleadings and "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"[20]

### 2.    Standard for Judgment on the Pleadings Under Rule 12(c).

Rather than deny an untimely motion to dismiss under FED. R. CIV. P. 12(b)(6), "[a]lternatively, a court may at its option elect to construe an untimely Rule 12(b)(6) motion as one for judgment on the pleadings under Rule 12(c)[,]"[21] because pursuant to FED. R. CIV. P. 12(h)(2), the City retains the right to raise the defense of failure to state a claim by filing a motion under FED. R. CIV. P. 12(c) or by asserting the defense at trial.  Even if

---

claim for relief.  *See Iqbal v. Hasty*, 490 F.3d 143 (2nd Cir. 2007) (considering *Bell Atlantic* and *Erickson* and concluding that a "plausibility" standard was what the Supreme Court intended).

*Alvarado*, 493 F.3d at 1215, n.2.

[16]  *Bell Atlantic*, 550 U.S. at 555.

[17]  *Bell Atlantic*, 550 U.S. at 555-56.  *See also Official Committee of Unsecured Creditors v. Blomen, et al. (In re Hydrogen, LLC)*, 431 B.R. 337, 345 (Bankr. S.D.N.Y. 2010).

[18]  *Bell Atlantic*, 550 U.S. at 555-556.

[19]  *Tal v. Hogan*, 453 F.3d 1244, 1252 (10th Cir. 2006).

[20]  *Bell Atlantic*, 550 U.S. at 570 (citing *Conley v. Gibson*, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)).  The *Bell Atlantic* decision abrogated *Conley v. Gibson*, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957) (stating "*Conley*, then, described the breadth of opportunity to prove what an adequate complaint claims, not the minimum standard of adequate pleading to govern a complaint's survival."  *Bell Atlantic*, 550 U.S. at 562–63.

[21]  *In re Gen. Purpose Steel, Inc.*, 469 B.R. 602, 604 (Bankr. W.D. Pa. 2012) (citing *Stevens v. Showalter*, 458 B.R. at 856).

the Court considered the Motion to Dismiss as timely, which the Court is not inclined to do, the Court finds the Motion to Dismiss must be denied applying the standards of a motion for judgment on the pleadings because the Amended Complaint contains sufficient facts to states a claim for relief under the Rule 12(c) standards.

FED. R. CIV. P. 12(c), incorporated by FED. R. BANKR. P. 7012(b), provides "[a]fter the pleadings are closed--but early enough not to delay trial--a party may move for judgment on the pleadings."[22]  "[J]udgment on the pleadings under Rule 12(c) is a drastic remedy that courts should otherwise use sparingly."[23]  Generally, courts "review a dismissal on the pleadings pursuant to FED. R. CIV. P. 12(c) under the same standard applicable to a 12(b)(6) dismissal."[24]  Judge Babcock for the United States District Court for the District of Colorado explained:

> **A Rule 12(c) motion is directed at the same question as a Rule 56 motion — whether any genuine issue of fact is presented.** However, the 12(c) motion is restricted to the content of the pleadings. . . .  A Rule 12(c) motion is designed to provide a means of disposing of cases when the material facts are not in dispute and a judgment on the case can be achieved by focusing on the content of the pleadings.
>
> . . .
>
> In a 12(c) motion, the trial court is required to view the facts presented in the pleadings and the inferences to be drawn therefrom in the light most favorable to the nonmoving party.  For purposes of the motion, the court must take the well-pleaded factual allegations in the non-movant's pleading as true. *Freeman v. Department of Corrections*, 949 F.2d 360 (10th Cir. 1991).[25]

---

[22]  FED. R. CIV. P. 12(c).

[23]  *Aberkalns v. Blake*, 633 F. Supp. 2d 1231, 1233 (D. Colo. 2009) (citing *Power Motive Corp. v. Mannesmann Demag Corp.*, 617 F.Supp. 1048, 1049 (D. Colo. 1985)).

[24]  *Ward v. Utah*, 321 F.3d 1263, 1266 (10th Cir. 2003) (citing *Ramirez v. Dep't of Corr.*, 222 F.3d 1238, 1240 (10th Cir. 2000)).

[25]  *Mullaney v. Albertson's, Inc. (In re Mullaney)*, 179 B.R. 942, 945 (D. Colo. 1995) (emphasis added); *see also In re Preston*, 10-27257 MER, 2011 WL 4704230, at *2-3 (Bankr. D. Colo. 2011) (citing *Mullaney*).

Within this well established framework, "a court should determine whether a plaintiff has stated enough facts in the pleadings to raise a plausible claim for relief."[26]

As additional independent support for utilizing the summary judgment standard for Rule 12(b)(6) motions, "[i]f, on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleadings are presented, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56 . . . ."[27]  For the first time in this proceeding, the City raised a new argument in the Motion to Dismiss regarding the characterization of the Transfers as payment of "trust fund taxes."  Therefore, the same standards under Rule 56 are appropriate in examining the instant Motion to Dismiss if the Court were to overlook the untimeliness of the Motion to Dismiss.

    *3.    Standard for Summary Judgment Under Rule 56.*

FED. R. CIV. P. 56 provides the court "shall grant summary judgment if the movant shows that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."[28]  A party asserting that a fact cannot be genuinely disputed must support the assertion by "citing to particular parts of the record, including depositions, documents, . . . affidavits or declarations, stipulations . . . , admissions, interrogatory answers, or other materials."[29]  When applying this standard, the court must examine the factual record and reasonable inferences therefrom in the light most favorable to the party opposing summary judgment.[30]  The movant bears the initial burden of establishing summary judgment is appropriate.[31]

---

[26]  *Aberkalns*, 633 F. Supp. 2d at 1233 (citing, e.g., *Teigen v. Renfrow*, 511 F.3d 1072, 1078 (10th Cir. 2007); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)).

[27]  FED. R. CIV. P. 12(d).

[28]  FED. R. CIV. P. 56(A); FED. R. BANKR. P. 7056.

[29]  FED. R. CIV. P. 56(c)(1)(A).

[30]  *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.* 475 U.S. 574, 587 (1986); *Wright v. Southwestern Bell Tel. Co.*, 925 F.2d 1288, 1292 (10th Cir. 1991).

[31]  *Whitesel v. Sengenberger*, 222 F.3d 861, 867 (10th Cir. 2000); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986).

4.      *The City's Motion to Dismiss.*

In light of the above standards, the Court is confined to the content of the Amended Complaint, the Answer, the Motion to Dismiss and the Trustee's Response in its determination of the relief requested by the City.[32]  Here, the Court is charged with determining whether, if the Trustee's allegations are true, it is plausible and not merely possible that the Trustee is entitled to relief under § 547(b).  Taking all the Amended Complaint's facts as true and making all reasonable inferences in favor of the Trustee, the Court determines the Amended Complaint contains sufficient facts to state a claim for relief that is plausible on its face.  In addition, the Court concludes the Amended Complaint, the Answer, the Motion to Dismiss and the Trustee's Response demonstrate and identify triable issues of material fact, precluding judgment on the pleadings.

The Amended Complaint states "[o]n or within ninety days prior to the Petition Date, the Debtor transferred property to or for the benefit of the City, including" the Transfers.[33]  The City admitted this allegation in its Answer.[34]  Although the Amended Complaint does not use the word "Debtor's" to modify the word "property," the Amended Complaint contains enough information to give the City fair notice of the factual grounds of the § 547(b) claim.  Because the Trustee may only recover property of the estate, the Court determines this allegation is sufficient to put the City on notice the Trustee is seeking to recover transferred property the Debtor had an interest in.  Therefore, viewing the Amended Complaint in the light most favorable to the Trustee, the Court finds the Amended Complaint contains sufficient facts to state a claim for relief under § 547(b) that is plausible on its face.

In addition, the City raised a new factual issue in the Motion to Dismiss with respect to whether the Transfers were for privilege taxes, and thus, trust fund taxes.  The City's Motion to Dismiss was not a verified motion, no affidavits were attached, and no supporting documentation or exhibits were attached.  Therefore, the Motion to Dismiss has no factual support and the City cannot carry its burden of proof with blanket allegations.

Accordingly, even if the Court were to consider the Motion to Dismiss as timely, the Court finds dismissal of this proceeding is not warranted and the Motion to Dismiss must be denied.

---

[32]  *Mullaney*, 179 B.R. at 945; *see also In re Preston*, 2011 WL 4704230, at *2-3.

[33]  Amended Complaint, at ¶ 9.

[34]  Answer, at ¶ 9.

Page 9 of  10

## CONCLUSION

For the reasons stated above,

IT IS ORDERED the City of Phoenix's Motion to Dismiss is hereby DENIED.

Dated February 12, 2013                    BY THE COURT:

Michael E. Romero
United States Bankruptcy Judge